IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08-CR-39 |
| | ) | |
| BOBBY JOE AMBROSE | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion to revoke the magistrate judge's detention order [doc. 68]. On July 3, 2008, Magistrate Judge Dennis Inman entered an order detaining the defendant pending trial in this methamphetamine case [doc. 49]. Magistrate Judge Inman found that there was probable cause to believe that the defendant had committed a drug offense for which the punishment was ten years or more, that the defendant had not rebutted the presumption that there was no condition or combination of conditions that would reasonably assure the appearance of the defendant or the safety of the community, and that the defendant has an extensive criminal record including a federal conviction for being a felon in possession of a firearm and for failing to appear. Magistrate Judge Inman also found, based on the testimony at the detention hearing, that it appeared that the

defendant attempted to reach for a firearm when a search warrant was executed in the garage where the defendant was allegedly manufacturing methamphetamine.

It is this last finding that the defendant now disputes. He argues that the officers involved in the search would now testify that the defendant was never at large in the garage after they approached him, making his access to a firearm an impossibility. Further, much of the evidence concerning the manufacture of methamphetamine related to his co-defendant, not him. He contends that this court should set conditions of release, especially in light of the pretrial officer's recommendation that he be released on bond.

The court disagrees with the defendant's contention. Like the magistrate judge, who on rehearing accepted that the testimony of the officers would be as the defendant describes it, this court finds that the defendant has not rebutted the presumption that he should be detained. 18 U.S.C. § 3142(e). The defendant is charged with five counts: conspiracy to distribute methamphetamine, conspiracy to manufacture methamphetamine, possession of equipment, chemicals, etc. used to manufacture methamphetamine, maintaining a residence for the purpose of manufacturing, distributing, and using methamphetamine, and possession of a firearm in furtherance of a drug trafficking offense. These charges, if proven, could result in a very lengthy sentence for the defendant. He has nineteen prior convictions for both felonies

(*e.g.*, aggravated burglary and felon in possession of a firearm) and misdemeanors (*e.g.*, speeding and public drunkenness), and about fifteen other arrests. This criminal history includes convictions for evading arrest and failing to appear. The statutory presumption has not been rebutted, and the court finds that there is no condition or combination of conditions that will assure the safety of the community if the defendant is released.

Therefore, it is hereby **ORDERED** that the defendant's motion is **DENIED**, and the defendant shall remain detained until the trial or other disposition of this case.

ENTER:

　　　　　　　　　　　　　*s/ Leon Jordan*
　　　　　　　　　　　　United States District Judge