IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:08-CR-39 |
| ) | |
| BOBBY JOE AMBROSE ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation [doc. 185]. The government has not responded, and the objections are ripe for the court's consideration. For the reasons discussed below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

The magistrate judge recommended that the defendant's motion to suppress evidence be denied [doc. 169]. The defendant objects to the magistrate judge's findings and conclusions as to: (1) whether the state-issued search warrant was defective; (2) whether an officer would reasonably believe that he could execute an unsigned and undated warrant; (3) whether the search exceed the scope of the warrant; and (4) whether the residents of the building consented to the searches.

*Validity of the Search Warrant*

Rule 41 of the Tennessee Rules of Criminal Procedure requires that an original and two exact copies of a search warrant must be prepared – one copy is kept by the issuing magistrate and one copy is to be left with the person or persons whose property is being searched. Tenn. R. Crim. P. 41(d). Presumably, the third copy is to be returned after the warrant is executed.

In this case, Unicoi County Sheriff's deputies took four copies of the affidavit and search warrant to Judge Robert Cupp of the Tennessee First Judicial District. The affiant, Major Michael Hensley, was sworn, changes to the affidavit and warrant were discussed and initialed, and Judge Cupp signed the affidavits and dated two copies, but only signed one copy of the warrants. Judge Cupp testified at the suppression hearing that his practice is to sign all the copies of the affidavits and search warrants, and that was certainly his intent concerning the search warrant in this case. He had no explanation for why he did not sign all

the copies of the search warrant except just the circumstances of the late night visit, a lot of corrections, and visiting between the officers. Clearly, it was an oversight.

The defendant argues that the "warrant does not comply with the Fourth Amendment in that the warrant was not issued," because of Judge Cupp's oversight. He admits that there was one properly executed copy of the affidavit and warrant, a copy that Judge Cupp kept, but Tennessee law requires three signed and dated copies. The defendant contends that the warrant in this case fails to meet this procedural requirement, and "a warrant was not issued." In support of his argument, the defendant relies on *United States v. Bennett*, 170 F.3d 632 (6th Cir. 1999).

This court has reviewed the *Bennett* case as well as the cases discussed by the magistrate judge. The magistrate judge thoroughly examined the relevant case law, and this court has nothing to add to that discussion. Based on its review of the pleadings, the transcript, and the case law, this court agrees that federal constitutional law, not state substantive or procedural law, governs the validity of the search warrant in this case. Furthermore, this court agrees that the search warrant complies with the Fourth Amendment – the one duly executed copy of the affidavit and search warrant is sufficient.

3

### *Good Faith Under United States v. Leon*

The defendant's second objection to the report and recommendation is that "no Tennessee State officer would reasonably believe that he could execute an unsigned, undated warrant" and, therefore, could not execute such a warrant in good faith. The court agrees with the magistrate judge on this issue, also. Judge Cupp swore Major Hensley, reviewed the affidavit and found that there was sufficient probable cause to issue the search warrant, various corrections were made and initialed by Judge Cupp and Major Hensley, and some documents were signed and dated. While it might have been prudent for Major Hensley to check the copies of the affidavit and warrant before he left Judge Cupp, he did not. But, there is no question that he knew that Judge Cupp had authorized the search, and the court finds that Major Hensley and the others could rely in good faith on this authorization. This objection will be overruled.

### *Search Exceeded the Scope of the Warrant*

The defendant next complains that the magistrate judge erred in finding that the search exceeded the scope of the search warrant. Initially, the court notes that it is not clear from the record before the court whether any of the evidence the defendant seeks to exclude in his motion was found anywhere but the garage and the defendant's vehicle – locations specifically authorized by the search warrant.[1]

---

[1] One copy of the search warrants has a return attached to it, but it is essentially illegible.

In any event, the court finds that the magistrate judge correctly considered the premises to be searched and found that the search was justified. Major Hensley believed that the building was only a garage, but upon entering the building, the officers learned that there was garage and an apartment. Further, another portion of the garage had been divided into small sleeping apartments. The officers quickly did a protective sweep of the apartment and garage, including a storage loft above the apartment. Later, the defendant was asked about a non-functioning soft drink machine in the garage, and the defendant told the officers that the key was either in his apartment in a bedside table or his SUV parked outside. Thus, the officers had the defendant's consent to enter both those areas to look for the key. Finally, the officers checked one of the sleeping apartments because they were told there might have been someone who had overdosed on methamphetamine in the apartment. There was no one there, and the officers did not search beyond looking in areas where a person might be.

Thus, to the extent that any evidence was seized from areas beyond the garage and the defendant's vehicle, the officers either had permission or a valid reason to check the areas. The defendant's objection concerning the scope of the search will be overruled.

<u>Consent</u>

Finally, the defendant contends that there was not a voluntary consent to search areas of the garage not listed on the warrant. As discussed

above, however, the officers did a protective sweep of the whole premises, then looked in the defendant's bedroom and his SUV for the key to the soft drink machine with the defendant's consent. The drawings of the layout of the premises show that one area of the garage leads into another, and the officers were justified in checking for other persons before they began searching the garage area for evidence related to the manufacture of methamphetamine. Whether the defendant's wife consented to a search of the apartment or not (the officers say she did, Ms. Ambrose says she did not), the officers entered only long enough to look for other persons and to look in the bedside table for the key to the soft drink machine.

The court finds that the magistrate judge correctly analyzed and considered the defendant's consent issue. this issue will likewise be overruled.

The court has reviewed *de novo* the pleadings, the report and recommendation, and the exhibits to and transcript of the suppression hearing, and **ADOPTS** the report and recommendation in its entirety. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are overruled, and his motion to suppress evidence [doc. 127] is **DENIED**.

                                                    ENTER:

                                         *s/ Leon Jordan*
                                    United States District Judge